OPINION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AURELIO LONA-RAMIREZ<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. B-12-103<br>(Criminal No. B-11-442) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Aurelio Lona-Ramirez's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Docket Entry ("DE") 1. Lona-Ramirez's Motion should be **DENIED** for the reasons provided below.

## BACKGROUND

On June 7, 2011, Lona-Ramirez pleaded guilty, without a written agreement, to possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. *See United States v. Lona-Ramirez*, Criminal No. B-11-442, Minute Entry dated June 7, 2011. On October 11, 2011, United States District Judge Hilda G. Tagle sentenced Lona-Ramirez to thirty-four months of imprisonment, a three-year supervised release term without supervision, and a $100 special assessment fee. *Id*., Minute Entry dated October 11, 2011. Judgment was entered on October 19, 2011, and Lona-Ramirez did not file a direct appeal. *Id*., DE 31; DE 33 at 2. On May 24, 2012, Lona-Ramirez timely filed this instant Motion pursuant to 28 U.S.C. § 2255. DE 1. The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 2255.

1

**DISCUSSION**

Lona-Ramirez's Motion raises two grounds for relief based on the alleged ineffectiveness of his counsel. DE 1 at 4-7. First, he states that he was entitled to a sentence reduction pursuant to the fast-track program described in the Attorney General's Memorandum dated April 28, 1995,[1] but that he was unable to obtain a reduction due to his counsel's ineffective failure to request one. More specifically, he suggests that he could have received a two-point downward departure in sentencing if he refrained from contesting his deportation, but that his counsel allowed him to waive his rights to a hearing on the deportation issue without first securing him the benefit of the departure. DE 1 at 4-5. In support of this allegation Lona-Ramirez refers to an attached "Plea Agreement Form," dated May 17, 2012, which he appears to have filled out himself and signed the same day he signed his instant Motion. DE 1-1. This form is not signed by anyone else, contains numerous typos, and lists Lona-Ramirez's Bureau of Prisons number. Among other things, the form states that "[i]n exchange for defendant's stipulation to an order of deportation, the government agrees to a one (two) level downward departure under the sentencing guidelines is justified as conduct not contemplated by the guidelines, US.S.G. § 5K2.0" *Id.* (grammatical errors in original).

Second, Lona-Ramriez makes the following unclear claim:

The Counsel Failed By Not Argueing That When An Alien Defendant Is Unwilling To Stipulate Deportation, And Thus Not Beneficiary Of Any Plea Agreement. A Provision Of The Sentence Reform Act May Be Used In Certain Circumstances To Effect The DEFENDANT'S Deportation. Under 18 U.S.C. § 3583(D), A Sentencing Court Has Authority To Provide For Deportation Of An Alien Defendant - As A Condition of Supervised Release. In A Relevant Statute Provides That: If An Alien Defendant Is

---

[1] *See* Memorandum from Attorney General Janet Reno, *Deportation of Criminal Aliens* (April 28, 1995)*, available at* http://www.justice.gov/ag/readingroom/deportation95.htm.

> Subject To Deportation, The Court May Provide, As A Condition of Supervised Release, That He Be Deported And Remain Outside The United States, And May Order That He Be Delivered To A Duly Authorized Immigration Official For Such Deportation. According with The Law viewed In This Light, Section 3583 (d) can be used As An ordered Condition of Effective Tool In Obtaining The Removal Of Criminal Aliens. Indeed, A Condition of Supervised Release Requiring A Defendant To Be Deported And To Remain Outside The United States Has Several Important Consequences: The Benefit of This Approach Is That If The Alien subsequently Reenters This Country After Deportation, He Would Be subject To Immediate Incarceration For Violation The Terms of Supervised Release. In Addition To Being Subject To Another Criminal Prosecution For Reentry After Deportation.

DE 1 at 6-7 (typographical and grammatical errors in original). Lona-Ramirez concludes his Motion by requesting the following relief: "Reduction of Time on My Sentence Between 1 or 2 Points With Application of the Memorandum of the Attorney General of the United States or Supervised Release." DE 1 at 15.

## I.     Section 2255

Pursuant to 28 U.S.C. § 2255, a prisoner in custody may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose this sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of the collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional magnitude, the prisoner must show that the error could not have been raised on direct appeal and would, if condemned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## II.    Effective Assistance of Counsel

The "Sixth Amendment guarantees a[ll] defendant[s] the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against them. *Missouri v. Frye*, No. 10-444, 132 S.Ct. 1399, 1405, 2012 WL 932020, at *5 (2012) (citing *Montejo v. Louisiana*, 556 U.S. 778, 786, 129 S. Ct. 2079, 173 L.Ed.2d 955 (2009)). Critical stages include not only trial but also pretrial proceedings—including the plea-bargaining process. *Laffler v. Cooper*, No. 10-209, 132 S.Ct. 1376, 2012 WL 932019, at *4 (2012), *see also*, *Padilla v. Kentucky*, 559 U.S. ___, ___, 130 S.Ct. 1473, 1486, 176 L.Ed.2d 284 (2010); *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing is also constitutionally impermissible. *Laffler*, 2012 WL 932019, at *6. The "due process clause of the fourteenth amendment guarantees effective assistance of counsel for direct appeals as of right." *Williams v. Collins*, 16 F.3d 626, 634-35 (5th Cir. 1994).

The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel at any of the critical stages mentioned above was announced by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. 668, 687 (1984). In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation

"fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994). A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 230 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1036 n.1 (5th Cir. 1998); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. *Id.* In order to establish that he sustained prejudice, the convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694; *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (stating that a movant must show a reasonable probability that but for his appellate counsel's error, the outcome of his appeal would have been different).

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or actual prejudice under that test makes it unnecessary to examine the other prong.  *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d at 210.  Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice.  *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987).  It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice.  *See Black v. Collins*, 962 F.2d at 401; *Martin v. McCotter,* 796 F.2d 813, 821 (5th Cir. 1986).

### III.     Attorney General's Memorandum on Fast-Track Programs

The Attorney General's Memorandum, dated April 28, 1995, has been superseded by a Memorandum from Deputy Attorney General James M. Cole, dated January 31, 2012 (hereinafter, the "Cole Memorandum"), which "sets forth the revised policy and criteria for fast-track programs."[2]  Fast-track programs

> are based on the premise that a defendant who promptly agrees to participate in such a program saves the government significant and scarce resources that can be used to prosecute other defendants, and that a defendant who receives a fast-track departure has demonstrated an acceptance of responsibility above and beyond what is already taken into account by the adjustments contained in the Sentencing Guidelines.[3]

The Cole Memorandum has established the minimum requirements for fast-track plea

---

[2] *See* Memorandum from Deputy Attorney General James M. Cole, *Department Policy on Early Disposition or "Fast-Track" Programs* (January 31, 2012)*, available at* http://www.justice.gov/dag/fast-track-program.pdf.

[3] *Id.* at 1.

agreements. Specifically:

> The defendant must enter into a written plea agreement that includes at least the following items -
>
> (1)  The defendant agrees to a factual basis that accurately reflects his or her offense conduct and stipulates to the facts related to the prior conviction and removal;
>
> (2)  The defendant agrees not to file any of the motions described in Rules 12(b)(3), FED. R. CRIM. P.;
>
> (3)  As determined by the United States Attorney after taking into account applicable law and local district court practice and policy, the defendant agrees to waive the right to argue for a variance under 18 U.S.C. § 3553(a), and to waive appeal and the opportunity to challenge his or her conviction under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel; and
>
> (4)  The United States Attorney shall retain discretion to impose additional procedural requirements for fast-track plea agreements; specifically, the United States Attorney has discretion to require that the defendant agree to enter into a sentencing agreement pursuant to FED. R. CRIM. P. 11(c)(1)(C), and/or to waive a full pre-sentence investigation as [a] condition[] of participation.[4]

## IV.  Petitioner's Claims

Lona-Ramirez's first claim suggests that he believes he was entitled to a fast-track sentencing reduction for unlawful entry or reentry. However, Lona-Ramirez was convicted for possessing cocaine with intent to distribute, not unlawful entry or reentry. Although the submissions in this case and Lona-Ramirez's underlying criminal case show that he has no legal status here, he was not ordered deported by this District Court.[5] Lona-Ramirez has identified no

---

[4] *Id.* at 3-4.

[5] Instead, Lona-Ramirez's judgment merely specifies "special conditions" of supervised release "if" he is deported. *See United States v. Lona-Ramirez*, Criminal No. B-11-442, DE 31 at 4 ("If deported, the defendant is not to re-enter the United States illegally. If the defendant is deported during the period of probation or the supervised release term, supervision by the probation office becomes inactive. If the defendant returns, the defendant shall report to the nearest U.S. Probation Office immediately. Supervision by the probation officer reactivates

7

fast-track program applicable to his case which would entitle him to § 2255 relief due to his counsel's failure to request a fast-track downward departure.[6]

Further, it is the Government, not defense counsel, who must initiate the fast-track plea agreement process. *United States v. Gomez-Herrera*, 523 F.3d 554, 561 (5th Cir. 2008) (citing *United States v. Zapata-Parra*, No. 06-2349, 2008 WL 193210, at *1 (10th Cir. Jan. 23, 2008) (unpublished)); *see also United States v. Martinez-Trujillo*, 468 F.3d 1266, 1269 (10th Cir. 2006) ("The decision that a defendant be 'fast-tracked' is not made by the defendant but by the United States Attorney."); *United States v. Miranda-Garcia*, No. 6:05-CR-202-ORL-31DAB, 2006 WL 1208013 (M.D. Fla. May 4, 2006) ("[O]nly the government can file a motion for downward departure pursuant to an early disposition program."). Thus, where a defense attorney fails to ask for a fast-track sentence reduction his failure will not constitute ineffective assistance of counsel, and will not be deemed to prejudice the defendant. *See, e.g., Martinez-Valdez v. United States*, No. EP-11-CV-68-PRM, 2011 WL 3666606 (W.D. Tex. July 19, 2011); *United States v. Lumbreras-Amaro*, 627 F. Supp. 2d 752, 761 (S.D. Tex. 2008) (citing *Parr v. Quarterman*, 472

---

automatically upon the defendant reporting.").

[6] *See United States v. Uribe*, No. 05–30005–01, 2012 WL 2119912, at *2 ("Despite Uribe's assertions otherwise, he was never charged with illegal reentry. He most certainly will be deported at the end of his term of imprisonment, but he pled guilty to and was sentenced on the basis of his drug trafficking crime. Thus, the policy change ['identified in the Cole Memorandum'] would not apply to him even if he were sentenced today."). *See also Dominguez v. United States*, No. 4:12-cv-00260, 2012 WL 3127299, at *4 (E.D. Ark. Aug., 1, 2012) ("A sentence reduction pursuant to fast track programs is not available for convictions in drug cases. Moreover, the Fast Track program is not retroactive") (internal citations and quotations omitted); *United States v. Rascon–Olivas*, No. 10-CR-023(21), 2012 WL 695838, at * 1, n.1 (D. Minn. Feb. 28, 2012) ("The Court acknowledges that, effective March 1, 2012, the United States Attorney's Office for the District of Minnesota will be implementing a fast-track program. That, however, does not help Rascon. The new fast-track program is not retroactive, and, in any event, appears to be limited to illegal-reentry offenses. Rascon pleaded guilty to a drug crime.").

F.3d 245, 256 (5th Cir. 2006)).  Here, the record contains no evidence that the Government gave Lona-Ramirez the option of entering into a written plea agreement under any applicable fast-track program.  As such, Lona Ramirez's counsel was not ineffective for failing to request or obtain a fast-track sentencing reduction.  Lona-Ramirez's first § 2255 claim fails to state a claim for relief should be **DENIED.**

Lona-Ramirez's second claim must also be denied.  First, it is largely unintelligible and appears to be nothing more than a mishmash of quotes from various legal provisions and/or statutes.  Second, to the extent it can be liberally construed to assert a claim, claim two appears to make the same allegations and seek the same relief as claim one.  Lona-Ramirez does not argue that his counsel failed to advise him of the full consequences of his guilty plea.  Instead, he argues that his counsel prejudiced him by failing to obtain a sentencing reduction in exchange for his willingness to stipulate to deportation.

As stated above, however, the District Court did not order Lona Ramirez deported, nor was he charged with unlawful entry or reentry.  Further, Lona-Ramirez has tendered to this Court, a signed statement agreeing that: (1) he is not a citizen of the United States; (2) he is a native of Mexico; and (3) he is deportable.  DE 1-1 at 11.  Although it is clear he has submitted this statement in an attempt to retroactively receive a downward departure in sentencing, it is also clear that he is not challenging anything but his counsel's failure to obtain a sentencing reduction on his behalf.  Lona-Ramirez's second claim fails to state a cognizable § 2255 ground for relief and should be **DENIED.**

## RECOMMENDATION

For the foregoing reasons, the Court recommends that Lona-Ramirez's § 2255 Motion

(DE 1) be **DENIED,** and his case be **DISMISSED**.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**DONE at Brownsville, Texas, this 29th day of April, 2013.**

**Felix Recio**
**United States Magistrate Judge**